# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Issa Conteh,<br><br>Plaintiff,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No. 1:12-cv-01074 (RBW)

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Respectfully submitted,

Andy Liu
D.C. Bar No. 454986
Tiffany Wynn
D.C. Bar No. 1011424
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
(202) 624-2500

Counsel for Defendant
IKON Office Solutions, Inc.

May 5, 2014

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

BACKGROUND .............................................................................................................. 3

ARGUMENT ................................................................................................................... 4

I.      LEGAL STANDARD ........................................................................................... 4

      A.      Rule 9(b) ................................................................................................ 4

      B.      Rule 12(b)(6) ......................................................................................... 7

II.     RELATOR'S § 3729(A)(1) AND (A)(2) CLAIMS SHOULD BE
       DISMISSED UNDER RULES 9(B) AND 12(B)(6) FOR FAILURE TO
       PLEAD FRAUD WITH PARTICULARITY AND FAILURE TO STATE
       A CLAIM. ............................................................................................................ 8

      A.      Relator's Amended Complaint does not identify a single false
           claim or a single false statement. .......................................................... 9

      B.      The Amended Complaint does not provide any of the requisite
           particulars of the alleged fraud. ........................................................... 11

           1.      "Who" ....................................................................................... 12

           2.      "When, What and Where" ...................................................... 14

      C.      Relator fails to set forth a factual basis for allegations premised
           upon "information and belief." ............................................................. 15

      D.      The Amended Complaint is premised on mistaken understandings
           and does not state a plausible claim for relief under Rule 12(b)(6). .... 17

           1.      Relator misunderstands the SCA ........................................... 17

           2.      Relator misunderstands the contract ..................................... 18

III.    RELATOR'S § 3729(A)(3) CLAIM SHOULD BE DISMISSED UNDER
       RULES 9(B) AND 12(B)(6) FOR FAILURE TO PLEAD FRAUD WITH
       PARTICULARITY AND FAILURE TO STATE A CLAIM. ...................................... 19

CONCLUSION ................................................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acosta Orellana v. CropLife Int'l*,
    711 F. Supp. 2d 81 (D.D.C. 2010) (Walton, J.) ..................................................................16

\* *Aschcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................7, 17

\* *Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................7, 17

*Burton v. Foch Invs., Inc.*,
    No. 207-CV-00080-BES-LRL, 2007 WL 2914772 (D. Nev. Oct. 3, 2007)..........................13

*Corsello v. Lincare, Inc.*,
    428 F.3d 1008 (11th Cir. 2005) ......................................................................................9, 19

*Douros v. State Farm Fire & Cas. Co.*,
    508 F. Supp. 2d 479 (E.D. Va. 2007) ...................................................................................7

*Elemary v. Holzmann*,
    533 F. Supp. 2d 116 (D.D.C. 2008) ......................................................................................8

*Hourani v. Mirtchev*,
    943 F. Supp. 2d 159 (D.D.C. 2013) ....................................................................................13

*Hughes Aircraft Co. v. United States ex rel. Schumer*,
    520 U.S. 939 (1997)...............................................................................................................6

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) ........................................................................................7, 16

*Levi v. Int'l Bhd. of Teamsters*,
    842 F. Supp. 2d 306 (D.D.C. 2012) *reconsideration denied*, Civ. Action No.
    10-1294 (RWR), 2012 WL 3779061 (D.D.C. Aug. 31, 2012) .................................................7

*Martin v. ARC of D.C.*,
    541 F. Supp. 2d 77 (D.D.C. 2008) ....................................................................................4, 7

*McQueen v. Woodstream Corp.*,
    248 F.R.D. 73 (D.D.C. 2008).................................................................................................16

*Richards v. Duke Univ.*,
    480 F. Supp. 2d 222 (D.D.C. 2007) .......................................................................................7

*Sharma v. District of Columbia*,
881 F. Supp. 2d 138 (D.D.C. 2012) ...............................................................................7, 17

*Smith v. Frank*,
826 F. Supp. 278 (S.D. Ill. 1992) *aff'd sub nom. Smith v. Runyon*, 993 F.2d
1550 (7th Cir. 1993)................................................................................................................15

*United States ex rel. Alexander v. Dyncorp, Inc.*,
924 F. Supp. 292 (D.D.C. 1996) ..........................................................................................4, 14

*United States ex rel. Atkins v. McInteer*,
470 F.3d 1350 (11th Cir. 2006) ................................................................................................5

*United States ex rel. Badr v. Triple Canopy, Inc.*,
950 F. Supp. 2d 888 (E.D. Va. 2013) .....................................................................................10

*United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*,
251 F. Supp. 2d 28 (D.D.C. 2003) ........................................................................................2, 10

*United States ex rel. Bender v. N. Am. Telecomms., Inc.*,
686 F. Supp. 2d 46 (D.D.C. 2010) ............................................................................................5

*United States ex rel. Cantekin v. Univ. of Pittsburgh*,
192 F.3d 402 (3d Cir. 1999)....................................................................................................11

*United States ex rel. Capella v. Norden Sys., Inc.*,
No. 3:94-CV-2063 (EBB), 2000 WL 1336487 (D. Conn. Aug. 24, 2000)............................20

*United States ex rel. Carter v. Halliburton Co.*,
1:08CV1162, 2009 WL 2240331 (E.D. Va. July 23, 2009) ..................................................14

*United States ex rel. Clausen v. Lab. Corp of Am., Inc.*,
290 F.3d 1301 (11th Cir. 2002) .................................................................................... *passim*

* *United States ex rel. Davis v. District of Columbia*,
591 F. Supp. 2d 30 (D.D.C. 2008) .........................................................................5, 9, 15, 19

* *United States ex rel. Digital Healthcare v. Affiliated Computer Servs., Inc.*,
778 F. Supp. 2d 37 (D.D.C. 2011) (Walton, J.).......................................................... *passim*

*United States ex rel. Doe v. Dow Chem. Co.*,
343 F.3d 325 (5th Cir. 2003) ..................................................................................................16

*United States ex rel. Fago v. M & T Mortg. Corp.*,
518 F. Supp. 2d 108 (D.D.C. 2007).........................................................................................20

*United States ex rel. Folliard v. CDW Tech. Servs., Inc.*,
722 F. Supp. 2d 20 (D.D.C. 2010)........................................................................................8, 19

iv

*United States ex rel. Gagne v. City of Worcester*,
   565 F.3d 40 (1st Cir. 2009)................................................................................10

*United States ex rel. Grubbs v. Kanneganti*,
   565 F.3d 180 (5th Cir. 2009) ..............................................................................6

*United States ex rel. Head v. Kane Co.*,
   798 F. Supp. 2d 186 (D.D.C. 2011)................................................................6, 20

*United States ex rel. Hopper v. Anton*,
   91 F.3d 1261 (9th Cir. 1996) .............................................................................11

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
   360 F.3d 220 (1st Cir. 2004)...............................................................................6

*United States ex rel. Long v. SCS Bus. & Tech. Inst.*,
   999 F. Supp. 78 (D.D.C. 1998)..........................................................................19

*United States ex rel. Purcell v. MWI Corp.*,
   209 F.R.D. 21 (D.D.C. 2002)...............................................................................6

*United States ex rel. Steury v. Cardinal Health, Inc.*,
   625 F.3d 262 (5th Cir. 2010) .............................................................................11

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
   125 F.3d 899 (5th Cir. 1997)........................................................................11, 16

*United States ex rel. Totten v. Bombardier Corp.*,
   286 F.3d 542 (D.C. Cir. 2002)............................................................................4

*United States ex rel. Westfall v. Axiom Worldwide, Inc.*,
   No. 8-06-cv-571-T-33TBM, 2009 WL 1424213 (M.D. Fla. May 20, 2009) ........................19

* *United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
   389 F.3d 1251 (D.C. Cir. 2004)...........................................................4, 6, 14, 16

*United States v. SAIC*,
   626 F.3d 1257 (D.C. Cir. 2010)..........................................................................11

*W. Assocs. Ltd. P'ship, ex rel. Ave. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*,
   235 F.3d 629 (D.C. Cir. 2001)............................................................................13

*Walls v. Pastor*,
   C12-5183 RBL/KLS, 2012 WL 5392177 (W.D. Wash. Oct. 12, 2012) *report
   and recommendation adopted*, 2012 WL 5391246 (W.D. Wash. Nov. 5, 2012) ...................15

**Statutes**

31 U.S.C. § 3729(a)(1)..................................................................................1, 3, 4, 8

31 U.S.C. § 3729(a)(2)......................................................................................4, 8

31 U.S.C. § 3729(a)(3)..................................................................................1, 4, 19

31 U.S.C. § 3730(a)...............................................................................................3

**Regulations**

29 C.F.R. § 4.162(a)...........................................................................................17

29 C.F.R. § 4.175................................................................................................18

29 C.F.R. § 4.177................................................................................................17

29 C.F.R. § 4.177(a)...........................................................................................17

**Rules**

Fed. R. Civ. P. 8...................................................................................................7

Fed. R. Civ. P. 9(b) ..................................................................................... *passim*

Fed. R. Civ. P. 11(b) ..........................................................................................13

Fed. R. Civ. P. 12(b)(6)............................................................................... *passim*

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, defendant IKON Office Solutions, Inc. ("IKON" or "Defendant"),[1] respectfully submits this memorandum in support of its Motion to Dismiss Plaintiff's Amended Complaint.

Like his original complaint, Relator's Amended Complaint alleges that IKON failed to comply with the Service Contract Act's ("SCA's") requirements to provide fringe benefits to employees working on a contract with the Federal Deposit Insurance Corporation ("FDIC"). Am. Compl. ¶ 1. According to Relator, this alleged non-compliance resulted in IKON violating the false claims, false statements and conspiracy provisions of the False Claims Act ("FCA") (31 U.S.C. §§ 3729(a)(1)-(a)(3)). *See id*. This Court previously granted Defendant's motion to dismiss Relator's first complaint, finding that relator "failed to plead fraud with the degree of particularity required by the Federal Rules of Civil Procedure Rule 9(b). Mem. Op., ECF No. 16 at 14.

Given an opportunity to file an amended complaint that satisfies Rule 9(b), Relator has demonstrated that he is unable to do so. As evident from a comparison of Relator's original and amended complaints, the Amended Complaint does not cure the deficiencies that plagued Relator's first Complaint and instead merely fills pages with purported statutory requirements and what he believes are the "magic words" needed to survive a Rule 9(b) challenge. *See* Ex. A, Redline Comparison. For example, the Amended Complaint includes 18 new paragraphs that simply parrot the FCA's statutory language in an effort to outline Relator's purported causes of action (*see* Am. Compl. ¶¶ 36-53). It also includes seven paragraphs summarizing what Relator

---

[1] IKON Office Solutions, Inc. is now known as Ricoh USA, Inc. ("Ricoh"). This name change took place in April 2012, following Ricoh's acquisition of IKON in 2008. Because Relator has identified IKON as the defendant in the case caption, references to the defendant will be to "IKON."

believes to be SCA requirements (*see id*. ¶¶ 12-18).  The added length, however, is bare as to any facts that could possibly form the basis of a supposed fraudulent scheme, which is precisely what the Federal Rules require.  Indeed, Relator concedes that he does not know whether the facts he alleges are true, relying heavily on "information and belief" pleading (*see, e.g., id*. ¶¶ 11, 20, 26, 29, 32, 34, 35, 38, 52, 53) and blanket boilerplate assertions that "*This critical information, however, is solely within the possession and control of IKON and not available to Plaintiff*" (*see, e.g., id*. ¶¶ 17, 34)).

This Court held that Relator's first complaint did not satisfy Rule 9(b) because it "fails to identify a single false claim or statement that IKON submitted to the federal government." Mem. Op. at 11 (citing *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 35 (D.D.C. 2003) ("While a complaint that covers a multi-year period may not be required by Rule 9(b) to contain a detailed allegation of all facts supporting each and every instance of submission of a false claim, <u>some</u> information on the false claims must be included." (emphasis added)).  The Amended Complaint still does not identify a single false claim or statement, the *sine qua non* of the False Claims Act.

This Court held that Relator's first Complaint did not satisfy Rule 9(b) for a second reason – it failed to "identify a single individual responsible for submitting false claims."  Mem. Op. at 11 (citing *United States ex rel. Digital Healthcare v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 53 (D.D.C. 2011) (Walton, J.).  Relator now alleges that his immediate supervisor told Relator – on an unspecified date and location – "that he was also responsible for preparing and submitting IKON invoices to the government."  Relator's incredible assertion, however, is wholly <u>inconsistent</u> with his prior allegation that he did not know who was responsible for submitting invoices to the government, and need not be accepted as true by this

Court.  *See* Pl.'s Opp'n at 7.

Moreover, Relator's Amended Complaint fails under Rule 12(b)(6) because it is based on fundamental misunderstandings of both the SCA and the contract at issue and does not, as a result, state a claim that is plausible on its face.  Contrary to Relator's assertions, fringe benefits include more than just health insurance, and health insurance – to the extent provided – does not need to be cost-free to the employee.  Moreover, and perhaps most importantly, the contract does not require the certification that Relator speculates was made.

In addition, although Relator tacitly conceded that he had not pled any facts concerning a conspiracy to defraud the government when he failed in his Opposition to Defendant's Motion to Dismiss to make any attempt to support or justify his allegation of a conspiracy, Relator's Amended Complaint includes a conspiracy count, but again provides no factual allegations concerning the alleged conspiracy other than that it is between IKON and unnamed employees, a theory that is impermissible under the intra-corporate conspiracy doctrine.

## BACKGROUND

Relator Issa Conteh filed his initial complaint under seal on June 29, 2012.  The government, after "diligently . . . investigat[ing]" the allegations, as required by 31 U.S.C. § 3730(a), declined to intervene and, on May 16, 2013, this Court ordered the Complaint unsealed.  Order, ECF No. 8.  On Defendant's motion – and due to the Complaint's failure to plead the alleged FCA violations with sufficient particularity as required by Rule 9(b) – this Court dismissed Relator's initial Complaint on March 18, 2014, but granted Relator leave to file an amended complaint.  Order, ECF No. 15.  Relator filed his Amended Complaint on April 18, 2014, alleging that IKON: (1) knowingly submitted false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1) (Am. Compl. ¶¶ 36-43); (2) knowingly made or used false statements to get false or fraudulent claims paid by the government by expressly certifying compliance with the

SCA in violation of 31 U.S.C. § 3729(a)(2) (*id.* ¶¶ 44-50); and (3) conspired to defraud the government through the submittal of false claims and use of false statements in violation of 31 U.S.C. § 3729(a)(3) (*id.* ¶¶ 51-53).[2]

Relator was employed by IKON as a mail clerk in FDIC's Arlington, Virginia facility, working on an IKON contract with the FDIC.  Am. Compl. ¶ 8; Compl. ¶ 8.  Work done under the FDIC contract was performed in Arlington, as well as other locations throughout the country.  Am. Compl. ¶ 34.

## ARGUMENT

## I.    Legal Standard

### A.    Rule 9(b)

"'[B]ecause the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b)' of the Federal Rules of Civil Procedure."[3]  *Digital Healthcare*, 778 F. Supp. 2d at 44 (quoting *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002)) (granting motion to dismiss on Rule 9(b) grounds).  As noted by this Circuit, courts should also be guided by Rule 9(b)'s underlying purpose, which is to discourage "the initiation of suits brought solely for their nuisance value, and [to] safeguard[ ] potential defendants from frivolous accusations of moral turpitude."  *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citations and

---

[2] On May 20, 2009, Congress enacted the Fraud Enforcement Recovery Act of 2009 ("FERA"), which amended, *inter alia*, §§ 3729(a)(1), 3729(a)(2), and 3729(a)(3) of the FCA.  Although his Complaint was filed after the effective date of those amendments, Relator's claims are purportedly based – at least in part – on underlying conduct that occurred before the enactment of FERA.  Accordingly, the following discussion will cite to the pre-FERA version of the FCA.

[3] *See also United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 303 (D.D.C. 1996) ("The Court treats failure to plead fraud with particularity as a ground for dismissal for failure to state a claim upon which relief can be granted."); *Martin v. ARC of D.C.*, 541 F. Supp. 2d 77, 81 (D.D.C. 2008) ("qui tam actions state a claim in fraud, and thus must be pled with particularity").

internal quotations omitted) (affirming dismissal of FCA claim for inadequate allegations of the time of false representations, who precisely was involved in the fraudulent activity, the fact that was supposedly misrepresented, relevant dates, and information as to what was given up or retained as a result of the fraud).

Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "A plaintiff must also identify individuals allegedly involved in the fraud." *Digital Healthcare, Inc.*, 778 F. Supp. 2d at 44 (internal quotations and citations omitted). As many courts have described it, a relator must set forth the who, what, when, where, and how of the purported fraud. *See id*; *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) ("[p]articularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." (quoting *United States ex rel. Clausen v. Lab. Corp of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)) (internal quotations omitted)).

Because it is the submission of a fraudulent claim that gives rise to liability, "[t]he first question, therefore, is whether plaintiff has stated a claim that defendants submitted a 'false claim.' Absent a false claim, there can be no liability at all." *United States ex rel. Davis v. District of Columbia*, 591 F. Supp. 2d 30, 38 (D.D.C. 2008). Even where a plaintiff is unable to allege the details of an actually submitted false claim, he must nevertheless allege "the details of the specific scheme, supply the time, place, and content of false representations, and link that scheme to claims for payment made to the United States." *United States ex rel. Bender v. N. Am. Telecomms., Inc.*, 686 F. Supp. 2d 46, 51 (D.D.C. 2010) (dismissing FCA claims for failure to plead content and time of false representations). Such details must also be paired with "reliable

indicia that lead to a strong inference that claims were actually submitted." *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 203 (D.D.C. 2011) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)); *see also Clausen*, 290 F.3d at 1311 (noting that there must be "some indicia of reliability . . . to support the allegation of *an actual false claim* for payment being made to the Government").

The requirement that a complaint alleging fraud meet the requirements of Rule 9(b) is particularly important in *qui tam* actions under the FCA. *Id.* at 1313-14 n.24; *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 949 (1997) ("As a class of plaintiffs, *qui tam* relators are a different kind than the Government. They are motivated primarily by prospects of monetary reward rather than the public good."); *United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 26 (D.D.C. 2002) (a relator "may be motivated by self-interest in seeking the bounty"). This is especially important here where the government, the real party in interest, has evaluated the claims at issue, and has elected not to intervene.[4] These pleading requirements of Rule 9(b) are unbending, and particularly so in the FCA context where defendants may very well be subjected "'to vague, potentially damaging accusations of fraud,' which is precisely what Rule 9(b) seeks to avoid." *Digital Healthcare, Inc.*, 778 F. Supp. 2d at 53 (citing *Williams*, 389 F.3d at 1257).

Finally, even when a court feels that the complaint gives adequate notice to the defendants of the charges against them, if "the plaintiffs do not appear to have substantial

---

[4] *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 242 n.31 (1st Cir. 2004) ("[T]he government's decision not to intervene in the action also suggested that [the relator's] pleadings of fraud were potentially inadequate.") (distinguished on another point of law); *Head*, 798 F. Supp. 2d at 197 ("Although the Government's failure to intervene in a case is not dispositive, it deserves respect because the government makes such a decision 'if, after assessing the evidence presented by relator and conducting its own preliminary investigation, it believes the action lacks merit.'" (citing *Purcell*, 209 F.R.D. at 26).

prediscovery evidence of those facts," the complaint should still be dismissed under Rule

9(b).  *Douros v. State Farm Fire & Cas. Co.*, 508 F. Supp. 2d 479, 486 (E.D. Va. 2007) (internal

quotation marks omitted).

> **B.**     **Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion to dismiss, the court accepts well-pled facts as true

but is not bound to accept Plaintiff's legal conclusions.  *Aschcroft v. Iqbal*, 556 U.S. 662, 667

(2009); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (court not required

to "accept legal conclusions cast in the form of factual allegations").  Nor must it "accept

asserted inferences or conclusory allegations that are unsupported by facts set forth in plaintiff's

complaint."  *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 235 (D.D.C. 2007).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do. . . Factual allegations must be enough to raise a right to relief above the speculative

level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *accord

Martin*, 541 F. Supp. 2d at 81 (dismissal appropriate when complaint lacks enough facts "to state

a claim for relief that is plausible on its face").

If the facts in a complaint as pled do not state a claim "plausible" on its face, the

complaint will be dismissed.  *Sharma v. District of Columbia*, 881 F. Supp. 2d 138, 140-42

(D.D.C. 2012); *see Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 561-62, 570.  Thus, even under

the notice-pleading standard of Federal Rule 8, a plaintiff must still vault his claims "from the

realm of the possible to the realm of the plausible."  *Levi v. Int'l Bhd. of Teamsters*, 842 F. Supp.

2d 306, 309 (D.D.C. 2012) *reconsideration denied*, Civ. Action No. 10-1294 (RWR), 2012 WL

3779061 (D.D.C. Aug. 31, 2012).

## II.    Relator's § 3729(a)(1) And (a)(2) Claims Should Be Dismissed Under Rules 9(b) And 12(b)(6) For Failure To Plead Fraud With Particularity And Failure To State A Claim.

In order to plead a violation of Section 3729(a)(1), a relator must allege facts

demonstrating that (1) the particular defendant presented or caused another person to present a

"claim for payment of approval" to the United States; (2) the claim must have been "false or

fraudulent;" and (3) the defendant must have acted "knowing" that the claim was false.  31

U.S.C. § 3729(a)(1) (2008); *see also United States ex rel. Folliard v. CDW Tech. Servs., Inc.*,

722 F. Supp. 2d 20, 26 (D.D.C. 2010).  Moreover, to plead a Section 3729(a)(2) claim – in

addition to pleading the elements of a Section 3729(a)(1) claim – a relator must allege facts

establishing that a false record was made or used for the purpose of causing the government to

pay a false claim.  *See* 31 U.S.C. § 3729(a)(2) (2008); *see also Folliard*, 722 F. Supp. 2d at 26.

The failure of Relator to satisfy Rule 9(b)'s requisite "'who, what, when, where, and

how' with respect to the circumstances of the fraud," necessitate the dismissal of his Amended

Complaint.  *Elemary v. Holzmann*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008) (citation omitted).

This Court's analysis in *United States ex rel. Digital Healthcare* is instructive.  In that case, the

defendant sought to dismiss the relator's complaint because it "fail[ed] to specify (1) any specific

claim for payment submitted to the government, (2) the time and place of any of the purportedly

fraudulent claims, or (3) which representatives of [defendant] allegedly committed the wrongful

acts." *Digital Healthcare, Inc.*, 778 F. Supp. 2d at 53.  This Court agreed, finding that relator's

failure to identify a single false claim and failure to identify "anyone allegedly engaged in the

fraud" were ultimately fatal shortcomings of the relator's case.  *Id.* (granting motion to dismiss).

8

Although Relator has previously acknowledged that he must set forth the who, what, when, where, and how of the alleged fraud (*see* Pl.'s Opp'n at 7), the Amended Complaint comes no closer to satisfying this requirement and must be dismissed.

### A.    Relator's Amended Complaint does not identify a single false claim or a single false statement.

Because the *sine qua non* of an FCA violation is a false claim, "[t]he first question . . . is whether plaintiff has stated a claim that defendants submitted a 'false claim.'  Absent a false claim, there can be no liability at all."  *Davis*, 591 F. Supp. 2d at 38.  This Court and others have dismissed FCA cases where, as here, the relator has failed to identify a single false claim.  *See Digital Healthcare*, 778 F. Supp. 2d at 53 (dismissing complaint on Rule 9(b) grounds and noting that a "shortcoming of the Amended Complaint is that it does not identify a single false claim submitted to the federal Government . . . or any claim improperly paid by" the Government); *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *Clausen*, 290 F.3d 1311.  The Amended Complaint similarly fails to identify a false claim or statement and must be dismissed.

In its dismissal of Relator's initial Complaint, this Court found that – coupled with other shortcomings – Relator's failure to identify a single allegedly false claim or statement that IKON submitted to the government was "particularly problematic."  Mem. Op. at 11.  Relator's Amended Complaint adds no additional information and therefore suffers from the same defect as his original complaint – and must also suffer the same fate of dismissal:

| Complaint | Amended Complaint |
|---|---|
| Defendant "submitted or facilitated the submission of false and fraudulent documents to the FDIC over a period of several years."  Compl. ¶ 11. | Defendant "submitted, caused to be submitted, or facilitated the submission of false and fraudulent documents to the Federal Deposit Insurance Corporation ("FDIC") over a period of several years."  Am. Compl. ¶ 11. |

| Complaint | Amended Complaint |
|---|---|
| Defendant "submitted bills, invoices and statements to government agencies without regard to its compliance with the SCA." Compl. ¶ 13. | Defendant "submitted to the government, bills, invoices and statements to FDIC and potentially other government agencies, without regard to whether or not the billings were in compliance with the SCA, and further received payment from the government in response to those billings." Am. Compl. ¶ 19. |

Merely reciting the statutory language of the FCA is no substitute for meeting the specificity required under Rule 9(b). *See United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 47-48 (1st Cir. 2009) (a "complaint [that] attempts to track the general statutory language" of the FCA is a "conclusory allegation" that fails to pass Rule 9(b) muster); *Barrett*, 251 F. Supp. 2d at 35 ("generic restatement of the statutory language under the First, Second, and Third Causes of action" did not satisfy Rule 9(b)).

Nor is it sufficient to assume, as Relator does (*see, e.g.*, Am. Compl. ¶ 32), that an alleged scheme to violate the SCA resulted in the submission of false claims or statements to the government. *United States ex rel. Badr v. Triple Canopy, Inc.*, 950 F. Supp. 2d 888, 900 (E.D. Va. 2013) ("[t]o assume the submission of a claim based on an individual's assumptions without any allegation of such submission would 'strip all meaning from Rule 9(b)'s requirement of specificity'"); *Clausen*, 290 F.3d at 1311 (Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted.").

For all these reasons, Relator's Complaint fails to pass muster under Rules 9(b) and 12(b)(6) and must be dismissed. *Digital Healthcare, Inc.* 778 F. Supp. 2d at 53; *Clausen*, 290 F.3d at 1313 (noting that the lack of supporting detail leaves the court "wondering whether a

plaintiff has offered [more than] mere conjecture or a specifically pleaded allegation on an *essential* element of the lawsuit" (emphasis added)).

**B.    The Amended Complaint does not provide any of the requisite particulars of the alleged fraud.**

Assuming, *arguendo*, that Relator has properly alleged a violation of the SCA – and he has not – Relator's Amended Complaint does not particularize how such a violation is cognizant under the FCA, and therefore must be dismissed for failure to satisfy Rule 9(b).  Alleged breaches of contract and violations of statutes, rules, and regulations, absent <u>fraud</u> as defined in the Act, do not give rise to claims under the FCA.  As the D.C. Circuit recently stated, "Congress clearly had no intention to turn the FCA, a law designed to punish and deter fraud, into a vehicle for either 'punish[ing] honest mistakes or incorrect claims submitted through mere negligence' or imposing 'a burdensome obligation' on government contractors rather than a 'limited duty to inquire.'"  *United States v. SAIC*, 626 F.3d 1257, 1274 (D.C. Cir. 2010); *see also United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 268 (5th Cir. 2010) ("[t]he FCA is not a general 'enforcement device' for federal statutes, regulations, and contracts" (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 902 (5th Cir. 1997))); *United States ex rel. Cantekin v. Univ. of Pittsburgh*, 192 F.3d 402, 415 (3d Cir. 1999) ("[N]ot every regulatory violation is tantamount to making a knowingly false statement to the government."); *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996) ("It is not the case that any breach of contract, or violation of regulations or law . . . automatically gives rise to a claim under the FCA.").  Rule 9(b) requires more than mere assertion that alleged non-compliance with the SCA resulted in FCA violations.  Relator's Amended Complaint is bare as to any facts that could possibly form the basis of a supposed fraudulent scheme.

11

1.    "Who"

As this Court held in dismissing the original complaint, "[t]he 'who' that the plaintiff/relator must identify is the individual who filed a claim falsely purporting to the FDIC that the fringe benefits were paid."  Mem. Op. at 10.  Relator, in his original complaint, could not identify any such individual.  Indeed, the Memorandum accompanying Defendant's first motion to dismiss ("IKON Mem.") noted that "Relator ascribes the purported submission of 'false and fraudulent documents' to Defendant's 'officers' only, and does not identify by name or title a single IKON employee or representative responsible for such submissions."  IKON Mem. at 15 (citing Compl. ¶ 11).  The only two IKON employees identified in the Complaint were his direct supervisor in the mail room and a Project Manager, but their only alleged role was as recipients of his purported complaints about not being provided fringe benefits--neither was alleged to have any knowledge about invoices or certifications, let alone their falsity.  Compl. ¶ 16.  In response, Relator made no attempt to link either of these two individuals to the billing process, instead acknowledging that Paragraph 11 of his Complaint identified only "IKON-officers," that "information on precisely who failed to pay the fringe benefits is solely within the Defendant's possession and control," and that he was "alleg[ing] that the fraudulent acts were committed by and through the Defendant's officers."  Pl.'s Opp'n at 7.

Having been told by this Court that he cannot satisfy Rule 9(b) without identifying an individual who filed a false claim or made a false statement to the FDIC, Relator's Amended Complaint, now alleges – incredibly – that his direct mailroom supervisor once told him (on an unspecified date or time period) that "he was also responsible for preparing and submitting IKON invoices to the government."  Am. Compl. ¶ 30.  It is not only implausible that Mr. Conteh's mailroom supervisor in the Arlington facility, Mr. Johnson, would be responsible for

submitting the single monthly invoice for the myriad of facilities under the contract,[5] but Mr. Conteh's new assertion is contradicted by his prior assertions that he did not know – and could not know because the information was solely in Defendant's possession – who was responsible for the alleged knowing submission of false claims.  *See* Pl.'s Opp'n at 7.  Indeed, in the very next paragraph of his Amended Complaint, Relator backtracks from his prior assertion in noting that Mr. Johnson "either directly <u>or indirectly</u> had a responsibility for submitting proper invoices."  Am. Compl. ¶ 31 (emphasis added).  In hedging, Relator essentially concedes that he has no information as to whether or not Mr. Johnson had responsibility for billing.

This Court need not accept as true those allegations that contradict a previous complaint or sworn statement.[6]  *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013) (observing that a plaintiff "may not plead facts in their amended complaint that contradict those in their original complaint"); *see also W. Assocs. Ltd. P'ship, ex rel. Ave. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (holding that on a Rule 12(b)(6) motion "it is appropriate for the court to look beyond the amended complaint to the record, which includes the original complaint").  Nor must a court consider allegations that are internally inconsistent. *Burton v. Foch Invs., Inc.*, No. 207-CV-00080-BES-LRL, 2007 WL 2914772, at *2 (D. Nev. Oct. 3, 2007).

Relator's allegation that Mr. Johnson was somehow involved in the submission of fraudulent invoices should not be accepted as true, and the Court should disregard it entirely.

---

[5] *See* Ex. B at 14, Contract Excerpt (directing IKON to submit a single monthly invoice that includes the charges for all nine locations).

[6] Federal Rules of Civil Procedure Rule 11(b) provides that by presenting the court with a paper, which would include an opposition to a motion to dismiss, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b).

### 2.    "When, What and Where"

Even though Relator previously conceded that the subject timeframe of his allegations was confined to the period of <u>his</u> employment with IKON at the Arlington, Virginia worksite (Pl.'s Opp'n at 7; *see also* Mem. Op. at n.4), his Amended Complaint asserts vague references as to the time period and location that are the focus of his allegations. For example, Relator asserts that the Defendant "caused to be submitted, or facilitated the submission of false and fraudulent documents to the Federal Deposit Insurance Corporation ("FDIC") *over a period of several years*" (Am. Compl. ¶ 11 (emphasis added)), and further <u>speculates</u> that the alleged scheme to commit fraud implicated several other regional locations. *Id*. ¶¶ 20, 34. Furthermore, Relator can only plead "<u>on information and belief</u>" that others within the Arlington facility also allegedly failed to receive fringe benefits. *Id*. ¶ 26 (emphasis added). This is plainly insufficient.[7] *See, e.g.*, *Williams*, 389 F.3d at 1256-57 (finding the allegations regarding "'time . . . of the false misrepresentations' are entirely inadequate [where the complaint described the time period as] 'at least through 2002'"); *Alexander*, 924 F. Supp. at 303 (finding failure to plead fraud with particularity in part because "Plaintiff fails to state the date or dates on which the allegedly false invoices were submitted"); *United States ex rel. Carter v. Halliburton Co.*, 1:08CV1162 (JCC), 2009 WL 2240331, at *9 (E.D. Va. July 23, 2009) (dismissing allegations of fraud that implicated work sites other than locations about which relator had personal knowledge, because it represented "mere[] extrapola[tion]").

---

[7] If the Court does not agree with IKON that the entire Amended Complaint should be dismissed under Rules 9(b) and 12(b)(6), at a minimum, the Court should reject Relator's attempt through "information and belief" pleading to expand his allegations beyond the Arlington, Virginia location, beyond the time period he was employed by IKON, and beyond his own fringe benefits. Am. Compl. ¶¶ 11, 20, 34.

**C.    Relator fails to set forth a factual basis for allegations premised upon "information and belief."**

Relator's Amended Complaint tries to overcome the lack of knowledge of actual wrongdoing with allegations premised upon "information and belief."  Much like his initial Complaint, these allegations go to essential elements of the asserted cause of action, including falsity (Am. Compl. ¶ 38) and scienter (*id*. ¶ 29).  In addition to these key aspects, however, much of his Amended Complaint is nothing more than an attempt to shoehorn "information and belief" pleading into a purported scheme to defraud the government (*id*. ¶¶ 11, 20, 26, 29, 32, 34, 35, 38, 52, 53).

Although Relator now pairs two of the ten paragraphs premised on "information and belief" with a boilerplate assertion that he lacks access to the required details in an effort to meet the technical requirement (*id*. ¶¶ 17, 34) – only after failing to do so in his initial Complaint, as noted by this Court (Mem. Op. at 12-13) – he still fails to provide any specific facts regarding the allegedly fraudulent acts committed by IKON.  Rule 9(b) requires more, and Relator cannot simply craft his allegations to mimic this Court's Opinion.  *See Smith v. Frank*, 826 F. Supp. 278, 280 (S.D. Ill. 1992) *aff'd sub nom. Smith v. Runyon*, 993 F.2d 1550 (7th Cir. 1993) (cautioning plaintiff to "state with some factual detail the nature of his claims" in amended complaint, and "not merely parrot the words of the statute or of this Court's orders"); *Walls v. Pastor*, C12-5183 RBL/KLS, 2012 WL 5392177, at *4 (W.D. Wash. Oct. 12, 2012) *report and recommendation adopted*, 2012 WL 5391246 (W.D. Wash. Nov. 5, 2012) (dismissing amended complaint where plaintiff failed to cure deficiencies and instead "simply parrot[ed] the language of this Court's Orders" without providing underlying factual bases for allegations).

Allegations based on "information and belief" are typically disfavored as incompatible with the principles of Rule 9(b).  *See, e.g.*, *Davis*, 591 F. Supp. 2d at 37 ("As a general rule,

15

pleadings made upon information and belief do not satisfy Rule 9(b)'s particularity requirement.") (internal quotations omitted); *Clausen*, 290 F.3d at 1310-11, 1314 n.25.  Although this Circuit provides a limited exception to plaintiffs unable to meet the particularity standard where a defendant controls the relevant documents, a plaintiff must still provide a *factual basis* for such allegations.  *See Williams*, 389 F.3d at 1258; *McQueen v. Woodstream Corp.*, 248 F.R.D. 73, 77 (D.D.C. 2008) (noting that allegations based on information and belief must, at a minimum, contain a statement of facts upon which the belief is based, and that the facts supplied much be specific and support an inference of fraud).

Where a relator merely pleads on information on belief– but does not supply the requisite factual basis – those allegations fail to comply with Rule 9(b).  *See United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (refusing to relax the requirements of Rule 9(b) in an FCA case where relator failed to provide a factual basis for belief that fraud took place); *Thompson*, 125 F.3d at 903 (where relator's complaint did not provide a factual basis for belief that the facts relating to the alleged fraud were within the defendants' knowledge, allegations based on "information and belief" were held to be mere speculation and failed to satisfy Rule 9(b)); *Kowal*, 16 F.3d at 1279 n.3 (observing that lack of access exception "must be construed consistent with the purposes of Rule 9(b), which attempts in part to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs") (internal citations omitted); *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 98-99 (D.D.C. 2010) (Walton, J.) (same).

Because Relator has not provided any basis for his "information and belief" allegations and instead has merely parroted boilerplate language based on this Court's March 18, 2014 Order, such allegations are improper and his Amended Complaint should be dismissed.

16

**D.     The Amended Complaint is premised on mistaken understandings and does not state a plausible claim for relief under Rule 12(b)(6).**

**1.     Relator misunderstands the SCA**

Relator's allegation is premised on his belief that that because prior employers "paid" fringe benefits in an amount that he does not see reflected on his IKON pay stub, IKON must be violating the SCA.  *See* Am. Compl. ¶ 27.  Relator, however, fundamentally misunderstands the SCA and the fringe benefits he received.  For that reason, Relator's Amended Complaint also fails to satisfy Rule 12(b)(6) because it does not state a claim for relief that is plausible on its face, and therefore does not satisfy the *Iqbal* or *Twombly* standards.  *See Sharma*, 881 F. Supp. 2d at 140-42.

The SCA provides that "[a]n employer may discharge its obligations to furnish fringe benefits by furnishing any equivalent combination of 'bona fide' fringe benefits <u>or</u> by making equivalent <u>or</u> differential <u>payments</u> in cash."  Am. Compl. ¶ 15 (emphasis added); 29 C.F.R. § 4.177(a); *see also* Mem. Op. at n.9.  Thus, for example, where an employee's wage rate under an applicable Department of Labor ("DOL") determination is $4.50 an hour, and the fringe benefits to be furnished are to cost 40 cents an hour, an employer's fringe benefit obligation is discharged by either (1) providing fringe benefits costing 40 cents an hour; (2) paying the employee 40 cents per hour in addition to the $4.50 an hour; or (3) providing fringe benefits costing less than 40 cents an hour and paying the employee the differential between 40 cents and the fringe benefit cost/hour in addition to the $4.50 an hour.  29 C.F.R. § 4.177.

Where an employer chooses to provide fringe benefits, it can satisfy its obligations by making <u>contributions</u> toward such benefits, which can include health insurance, sick leave, holiday pay and personal leave.  29 C.F.R. § 4.162(a).  Relator alleges that Defendant did not pay fringe benefits "either in cash or in kind," because his "IKON pay stubs do not reflect any

17

fringe benefits.  As reflected in Exhibit 4 of the Amended Complaint, Relator was provided such benefits.  He was furnished with and accrued sick leave.  He was furnished with and accrued vacation days.  He was furnished with and provided holiday pay.  And he was furnished with health care insurance.  Although Mr. Conteh now alleges that he was not provided with health care insurance by IKON because he had to pay for such benefits, (Am. Compl. ¶ 26, n.3), Mr. Conteh ignores that there is no obligation for an employer to provide cost-free health insurance – it need only contribute to the costs of such insurance, which it did.[8]  29 C.F.R. § 4.175.

## 2.    Relator misunderstands the contract

Relator's Amended Complaint fails for yet another reason – it alleges, "on information and belief," that IKON certified compliance with the "goods and services delivered conform to the terms of the contract" (¶ 38) or that it certified compliance "with all applicable laws and regulations" (¶ 46), but Relator is wrong.  As made clear in a portion of the Contract that Relator misleadingly omits from his Amended Complaint, the required certification states only:

> 5.2.5  Certification of Contractor
>
> Contractor must include on the invoice the following statement signed by an authorized company representative:
>
> > This is to certify that the Services set forth herein were performed during the period stated.
>
> _____    _____
> Contractor's Authorized Representative  Date

Ex. B at 15, Contract Excerpt.

---

[8] The implausible premise of Mr. Conteh's allegation is that IKON chose to implement and offer insurance coverage to employees without subsidizing any of its cost.  If the Court would find it helpful, Defendant can provide copies of the benefits "open enrollment" materials that were provided to Relator, which make clear that IKON was contributing to the total costs of such health insurance.

Contrary to Relator's assertion, therefore, there was no requirement to certify compliance with the Contract terms, generally, or the SCA, specifically.

For these additional reasons, the Amended Complaint should be dismissed for failure to state a claim that is plausible on its face.

## III. Relator's § 3729(a)(3) Claim Should Be Dismissed Under Rules 9(b) And 12(b)(6) For Failure To Plead Fraud With Particularity And Failure To State A Claim.

In order to plead a Section 3729(a)(3) claim, Relator must allege "(1) that defendant conspired with one or more persons to have a fraudulent claim paid by the United States, (2) that one or more of the conspirators performed any act to have such a claim paid by the United States, and (3) that the United States suffered damages as a result of the claim." *Davis*, 591 F. Supp. 2d at 40. FCA conspiracy allegations must also meet the heightened pleading standard of Rule 9(b). *See United States ex rel. Long v. SCS Bus. & Tech. Inst.*, 999 F. Supp. 78, 89 (D.D.C. 1998), *rev'd on other grounds*, 173 F.3d 870 (D.C. Cir. 1999) ("[s]ince the first criterion of § 3729(a)(3) involves an allegation of fraud, under Rule 9(b) of the Federal Rules of Civil Procedure, the circumstances constituting fraud [must] ... be stated with particularity").

Relator's conspiracy claim consists of nothing more than a conclusory allegation based "upon information and belief" that "IKON and its Defendant Officers and employees individually and collectively agreed with each other to" falsely represent compliance with the SCA. Am. Compl. ¶ 53. Count III fails on both Rule 9(b) and 12(b)(6) grounds.

It fails on Rule 9(b) grounds because nowhere does he identify the name of any alleged co-conspirator, or the particulars of any unlawful "agreement" or common goal (*i.e.*, a conspiracy). *See Folliard*, 722 F. Supp. 2d at 36-37 (dismissing complaint where relator failed to allege that defendants *conspired* to defraud the government); *Corsello*, 428 F.3d at 1014. Indeed, Relator's "allegations concerning a conspiracy (lacking specific allegations regarding the

entry of an agreement or overt acts) are merely legal conclusions masquerading as factual allegations, which do not survive the motion to dismiss." *See United States ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 8-06-cv-571-T-33TBM, 2009 WL 1424213, at *6 (M.D. Fla. May 20, 2009). Mere allusions to agreements without any particulars about how and when the conspiracy arose or who entered into the agreements are nothing more than "general allegations of conspiracy [that] do not meet the particularity standards required by [Rule] 9(b)." *United States ex rel. Capella v. Norden Sys., Inc.*, No. 3:94-CV-2063 (EBB), 2000 WL 1336487, at *11 (D. Conn. Aug. 24, 2000).

It also fails on Rule 12(b)(6) grounds because a company cannot conspire with its employees under the intra-corporate conspiracy doctrine. *See, e.g.*, *Head*, 798 F. Supp. 2d at 201 (granting dismissal of FCA conspiracy claim levied against company and defendant employees of company); *United States ex rel. Fago v. M & T Mortg. Corp.*, 518 F. Supp. 2d 108, 117-18 (D.D.C. 2007) (granting defendant corporation's motion for summary in judgment in part, because a corporation "cannot, as a matter of law, conspire with its employees").

For these reasons, Relator's conspiracy allegation must be dismissed.

## CONCLUSION

Relator has not identified a single false claim or false statement, pleading only "upon information and belief" that IKON certified compliance to a contractual term, which it did not. Relator also has not identified a single individual who participated in the fraudulent scheme, let alone facts that would support an inference that IKON knew of any false claims or false statements. Rules 9(b) and 12(b)(6) are designed to protect defendants from allegations of fraud that are based on nothing more than speculation and information and belief, which is precisely the case here. As such, Relator's Amended Complaint should be dismissed in its entirety for

failure to state a claim under Rule 12(b)(6) and for failure to plead fraud with particularity under Rule 9(b).

DATED: May 5, 2014                          Respectfully submitted,

                                            /s/ Andy Liu
                                            Andy Liu
                                            D.C. Bar No. 454986
                                            Tiffany Wynn
                                            D.C. Bar No. 1011424
                                            CROWELL & MORING, LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C.  20004-2595
                                            Tel.: (202) 624-2500
                                            Fax: (202) 628-5116
                                            Email:  aliu@crowell.com

                                            Counsel for Defendant
                                            IKON Office Solutions, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2014, I caused DEFENDANT'S MEMORANDUM OF

POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S

AMENDED COMPLAINT to be filed with the Clerk of Court using the CM/ECF system, which

will send a notification of such filing to all counsel of record.

/s/ Andy Liu
Andy Liu
D.C. Bar No. 454986
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Tel.: (202) 624-2500
Fax: (202) 628-5116
Email:  aliu@crowell.com

Counsel for Defendant
IKON Office Solutions, Inc.